IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION FILE |
| v. | |
| | NO. 4:09-CR-33-RLV-WEJ |
| MICHAEL STEPHEN ROBINSON, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

The Honorable Robert L. Vining, Jr., Senior United States District Judge, referred this matter to the undersigned on February 10, 2011 [46] to conduct a restitution hearing. See 18 U.S.C. § 3664(d)(6). For the reasons outlined below, the undersigned **RECOMMENDS** that defendant, Michael Stephen Robinson, be ordered to pay $4,415 in restitution.

I.  **BACKGROUND**

The Presentence Investigation Report ("PSR") prepared on Mr. Robinson states that on March 2, 2008, Kenneth Gravett (a defendant in a related case) purchased a Harley-Davidson Road King motorcycle with a loan from Eaglemark

Savings Bank. (PSR ¶ 10.)[1] The sale price was $33,895. Mr. Gravett traded another motorcycle and provided a $1,000 down payment. Under the terms of the loan, the monthly payments were $542.70 for 84 months, or until paid in full. Monthly payments were to begin on April 2, 2008. Mr. Gravett made five payments in 2008: March 24, April 29, June 3, July 2, and September 9. (Id.)[2]

On November 16, 2008, Mr. Robinson discussed the theft of Mr. Gravett's motorcycle with a cooperating witness ("CW") that law enforcement was using to aid in the investigation of vehicle theft, alteration of vehicle identification numbers, and insurance fraud. The CW informed agents that Mr. Gravett had requested that his motorcycle be taken so that he could report it as stolen to its insurer and collect on a theft insurance policy (ostensibly to pay off his loan to HDFS). (PSR ¶ 11.)

On December 3, 2008, Mr. Gravett reported to the Polk County Police Department that someone had forcibly entered his garage and stolen the aforementioned Harley-Davidson Road King. The reporting officer documented seeing visible signs of forcible entry. (PSR ¶ 12.)

---

[1] Eaglemark is a division of Harley-Davidson Financial Services, Inc. ("HDFS"). See http://www.eaglemark.com/ (last visited Apr. 21, 2011).

[2] The Indictment [1] here alleges that Mr. Gravett (abbreviated "K.L.G.") was behind on his loan payments when he hatched the scheme with Mr. Robinson. (Indict. ¶ 3.) By the time Mr. Gravett reported his motorcycle stolen in early-December 2008, he had failed to make three or four monthly payments.

On December 4, 2008, Mr. Robinson advised the CW that he had taken Mr. Gravett's motorcycle. (PSR ¶ 13.) On December 5, 2008, Mr. Robinson sold the motorcycle to the CW for $1,500. (Id.)[3] The CW turned the motorcycle over to agents of the Federal Bureau of Investigation, who returned it to HDFS, which later sold it at auction. (Mar. 16, 2011 Hr'g Tr. ("Tr.") [50] 3; Govt. Ex. 1.) The auction occurred sometime before November 17, 2009. (See Govt. Ex. 1.)

In a subsequent interview with law enforcement, Mr. Robinson admitted that he had taken the motorcycle from Mr. Gravett's unlocked residence and sold it to the CW. (PSR ¶ 13) Mr. Robinson stated he had done so at the request of Mr. Gravett, who planned to report the motorcycle stolen. (Id.)[4] Defendant turned over to the FBI the $1,500 he had received from the sale of the motorcycle. (Tr. 13.)

On September 23, 2009, the Grand Jury returned a multi-count Indictment against the defendant.[5] On October 15, 2010, Mr. Robinson entered a guilty plea

---

[3] According to the Government, Mr. Gravett reported that Mr. Robinson was going to keep that cash for himself, although defendant disagrees. (Tr. 13, 17.)

[4] Mr. Gravett did in fact report the motorcycle stolen and later submitted proof of loss forms to the insurer. (PSR ¶¶ 14-15.)

[5] On November 6, 2009, the Government prosecuted Mr. Gravett via a Criminal Information [1], to which he pled guilty [5]. See United States v. Gravett, 4:09-CR-36-RLV (N.D. Ga.). On January 28, 2010, Judge Vining sentenced Mr. Gravett to five years' probation. (J&C [9].) He was also ordered to pay restitution in the amount of $12,517.02, at a rate of $300 per month, plus 25% of any gross income in excess of $2500 per month. This restitution amount was the difference

[40] to Counts 1 (mail fraud) and 8 (altering or removing motor vehicle identification numbers). The negotiated "Guilty Plea and Plea Agreement" [46-1] contains the following relevant provision: "The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s)." (Id. at 8.) On February 10, 2011, Judge Vining accepted the plea agreement and the parties' joint recommendation and sentenced Mr. Robinson to 60 months' probation with the first 12 months of that probation to be served on home confinement. (See J&C [48].)[6]

In accordance with Judge Vining's referral, the undersigned conducted a hearing on March 16, 2011 [49], which was transcribed. The parties submitted post-hearing briefs. (See Def.'s Sentencing Mem. re Restitution [52]; Govt.'s Sentencing Mem. re Restitution [53].) The parties agree that, during the brief time that Mr. Robinson possessed Mr. Gravett's motorcycle (less than 24 hours), no damage occurred to it. (Govt.'s Br. 2; Def.'s Br. 2.)

---

between Mr. Gravett's outstanding loan balance ($29,732.02) and the motorcycle's Kelley Blue Book retail value ($17,215). (Gravett PSR ¶ 14.) The PSR notes that, if the motorcycle is sold at substantially different value, the amount of restitution should be adjusted accordingly. (Id.) According to the Probation Office's records, as of April 18, 2011, Mr. Gravett has paid $4,300 in restitution.

[6] Judge Vining subsequently substituted a curfew for home confinement. (See Order [51] of March 29, 2011.)

4

## II.     PARTIES' CONTENTIONS

The Government seeks restitution in the amount of $4,415 on behalf of the victim, HDFS. This number represents the Kelley Blue Book retail value of Mr. Gravett's motorcycle at the time of the loss ($17,215) minus the amount HDFS obtained for it at auction ($12,800). (Govt.'s Br. 2; see also PSR ¶ 26.) The Government argues that defendant owes restitution because the crime he committed caused HDFS to suffer a loss in the form of diminished value of its property. Defendant conspired with Mr. Gravett to stage a theft to collect on insurance proceeds. Without defendant's assistance, the motorcycle would not have been "stolen," and HDFS would not have been forced to sell it for a reduced price at auction. (Govt.'s Br. 3-4.)

Defendant responds that he owes no restitution. (Def.'s Br. 3.) He argues that 18 U.S.C. § 3663A(b)(1) only applies if the offense results in damage to or loss or destruction of property. Defendant contends that he had the motorcycle in his possession for less than twenty-four hours and did nothing to harm it. A court's first option under the statute is an order directing a defendant to return the property to its owner. However, the motorcycle has already been returned to HDFS. If HDFS elected to sell the motorcycle for less than fair market value, then defendant asserts that is not his fault. Moreover, defendant points out that Mr. Gravett was already

5

behind in his payments and likely facing repossession when he concocted this theft, storage, and sale with him.  If HDFS had repossessed the motorcycle for non-payment, then it would have been auctioned, and Mr. Gravett would have owed the deficiency alone.  Defendant argues that any restitution he is ordered to pay unfairly relieves Mr. Gravett of a portion of the debt he contracted to pay when he purchased the motorcycle.  Moreover, Mr. Robinson contends that it would unduly enrich HDFS to receive restitution from him and Mr. Gravett.  (Id. at 3-4.)

### III. DISCUSSION

The parties agree that the governing statute is 18 U.S.C. § 3663A.  This statute is part of the Mandatory Victim Restitution Act ("MVRA").  See Pub. L. 104-132, 110 Stat. 1214, Title II, § 201.  Section 3663A provides in relevant part as follows:

> (b) The order of restitution shall require that such defendant–
>
> > (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense–
> >
> > > (A) return the property to the owner of the property or someone designated by the owner; or
> > >
> > > (B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to–
> > >
> > > > (i) the greater of–

6

        (I)    the value of the property on the date of the damage, loss, or destruction; or

        (II)    the value of the property on the date of sentencing, less

    (ii)    the value (as of the date the property is returned) of any part of the property that is returned[.]

18 U.S.C. § 3663A(b)(1).[7]

Under this statute, "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy or pattern." 18 U.S.C. § 3663A(a)(2). To be a "victim" under the MVRA, a person or entity must have suffered a harm that directly and proximately results from the commission of an offense. United States v. Robertson, 493 F.3d 1322, 1334 (11th Cir. 2007). In Robertson, the court found that the term "directly and proximately" requires the Government to show not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal connection

---

[7] This statute further provides that an "order of restitution under this section shall be issued and enforced in accordance with [18 U.S.C.] section 3664." 18 U.S.C. § 3663A(d).

7

between the conduct and the loss is not too attenuated (either factually or temporally). Id. An award of restitution must be based on the amount of loss actually caused by the defendant's conduct. United States v. Liss, 265 F.3d 1220, 1231 (11th Cir. 2001). The government bears the burden of proving the amount of the loss by a preponderance of the evidence. 18 U.S.C. § 3664(e); Liss, 265 F.3d at 1231.

Research by the parties and the Court reveals no controlling or persuasive authority applying the MVRA to a fact pattern similar to that presented here. Thus, the Court must rely on the words of the statute. First, the undersigned reports that HDFS is a victim of defendant's crime. The Government has shown not only that HDFS's loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal connection between the conduct and the loss is not too attenuated.

The Court rejects defendant's implied argument that HDFS is not a victim of his crime because it elected to sell the motorcycle at auction for a loss. It was the scheme perpetrated by defendant and Mr. Gravett that precipitated the auction sale. Although Mr. Gravett was not current on his monthly loan payments, there is no evidence that HDFS had sent a repossession notice or was ready to move against him to recover and sell the motorcycle.

8

Given that HDFS is a victim, the Court must determine whether Mr. Robinson's offense resulted in "damage to or loss or destruction of [the victim's] property." 18 U.S.C. § 3663A(b)(1). It is undisputed that Mr. Robinson's actions did not result in physical damage or destruction to the motorcycle. However, his actions did contribute to a loss in HDFS's property. Before the crime, HDFS's property was a $29,732.02 outstanding loan balance secured by the motorcycle.[8] Because the theft occurred, HDFS was left with the motorcycle, which was reclaimed and, diminished in value, sold for a loss at auction.

Given a loss, the statute directs a court to order the return of the property to the owner. 18 U.S.C. § 3663A(b)(1)(A). The Court need not order that here, because return has already occurred. After Mr. Robinson sold the motorcycle to CW, he turned it over to the FBI, which returned it to HDFS. However, return of the property does not end the analysis, because the statute contemplates that the property's return may be "inadequate." (Id.) That is the situation here. Because the purpose of the MVRA is to "order restitution to each victim in the full amount of each victim's losses," (id. § 3664(f)(1)(A)), when return of property does not fully

---

[8] The Court can only deal with what happened, not what might have occurred. However, the Court notes that absent the scheme, Mr. Gravett could have brought his payments current, continued making payments in the future, or found a legitimate buyer for the motorcycle.

9

compensate the victim, the statute further directs the court to order the defendant to "pay an amount equal to . . . the value of the property on the date of the damage, loss, or destruction; . . . less [] the value (as of the date the property is returned) of any part of the property that is returned." Id. § 3663A(B)(i)-(ii).

Applying that directive here results in a restitution award in the amount sought by the Government. The sum sought ($4,415) is the difference between the value of the motorcycle on the date of the loss ($17,215) less the value of the motorcycle when it was returned and sold ($12,800). The criminal act converted the relevant valuation from a theoretical Kelley Blue Book value (when the victim's property was a security interest) to the actual auction value (when the crime had eviscerated the security interest and the victim's property was the motorcycle), notwithstanding that Mr. Robinson possessed the motorcycle for only a short time and no physical damage occurred.

Defendant's other arguments are primarily equitable in nature.[9] He deems it unfair that he should have to pay part of Mr. Gravett's debt to HDFS and worries that HDFS might be unduly enriched if one combines the amount of restitution Mr. Gravett has been ordered to pay ($12,517.02) with the amount the Government seeks here ($4,415), which totals $16,932.02.

Mr. Robinson's concerns are unfounded. The amount of restitution Mr. Gravett was ordered to pay was based on the difference between the outstanding loan balance and the Kelley Blue Book retail value of the motorcycle. (See supra note 5.) The Gravett PSR and defendant's PSR note that this restitution amount should be adjusted if the motorcycle's sale resulted in an amount less than Blue Book value. That sale eventually resulted in a lesser amount, but the restitution amount was not

---

[9] Congress apparently cared little about possible inequity for criminals when providing restitution to their victims. For example, the MVRA provides as follows:

(A)  In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

(B)  In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

18 U.S.C. § 3664(f)(1)(A)-(B).

11

adjusted upward. Thus, HDFS will only be made whole if Mr. Gravett pays the sum he has been directed to pay ($12,517.02), and if this Court directs Mr. Robinson to pay $4,415. The total of the previous and proposed restitution awards is $16,932.02 ($12,517.02 + $4,415). This sum ($16,932.02) equals the outstanding loan balance ($29,732.02) minus the amount HDFS received for the motorcycle a auction ($12,800). There will be no unjust enrichment to HDFS.

Dividing the amount of HDFS' loss ($16,932.02) among these two guilty parties in this fashion is consistent with the MVRA's mandate, which provides as follows:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. § 3664(h).

Here, more than one defendant has contributed to the victim's loss. Although not named in the same case, the cases of Mr. Gravett and Mr. Robinson have been treated as related since inception. Instead of making each defendant jointly and severally liable foe HDFS' loss, the undersigned's restitution recommendation against Mr. Robinson ($4,415) assigns responsibility in an amount roughly equal to each man's contribution to the victim's loss. By planning this scheme, Mr. Gravett

was primarily responsible. The restitution award previously assessed ($12,517.02) makes him responsible for reimbursing HDFS for about seventy-six percent of its loss. However, the scheme could not have been brought to fruition without Mr. Robinson's involvement. Thus, an order directing Mr. Robinson to pay $4,415 would make him responsible for the other twenty-six percent of HDFS' loss.

## IV.  CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that defendant, Michael Stephen Robinson, be ordered to pay restitution in the amount of **$4,415**. As allowed by 18 U.S.C. § 3664(f)(2)-(3), the Court may order this sum paid in monthly installments as it did with Mr. Gravett.

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 21st day of April, 2011.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION FILE |
| v. | |
| | NO. 4:09-CR-33-RLV-WEJ |
| MICHAEL STEPHEN ROBINSON, | |
| Defendant. | |

**ORDER FOR SERVICE OF**
**FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Court's Local Criminal Rule 58.1(A)(3)(a), be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

AO 72A
(Rev.8/82)

for review by the District Court.  Failure to object to this Non-Final Report and Recommendation waives a party's right to review.  Fed. R. Crim. P. 58(b)(2).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 21st day of April, 2011.

/s/ Walter E. Johnson
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE